**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Jeffrey K. Lord, individually | ) | |
| and derivatively/ | ) | |
| on behalf of J.K. Lord, LLC, | ) | CASE4:26-CV-00407-MTS |
| Plaintiffs, | | |
| | ) | |
| v. | | |
| | ) | JUDGE: TBD |
| NEW AMERICAN MANUFACTURING LLC; | ) | |
| SAN GABRIEL ASSETS LLC; | ) | |
| CORBIN BLUME; | ) | |
| TYLER THEOBALD | ) | |
| C& E Financial Group, Inc. | ) | |
| Defendants. | ) | |

# FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jeffrey K. Lord, individually and, to the extent appropriate, derivatively/on behalf of J.K. Lord, LLC, alleges as follows against the defendants named above. This pleading replaces the original complaint in its entirety. The newly identified defendants are named in place of the unidentified Doe defendants; Plaintiff does not retain any Doe defendant in this pleading.

## Nature of the action and parties

1.- This action arises from the solicitation and sale of membership or common units in New American Manufacturing LLC ("NAM"), a Wyoming limited liability company, and alleged misrepresentations and omissions about its capitalization, securities, financing, financial condition, use of proceeds, bonus units, and promised return-of-investment protections.

2.- Plaintiff Jeffrey K. Lord is an Oklahoma resident. He acted individually and/or through J.K. Lord, LLC, the named subscriber, under the Subscription Agreement, which Lord signed as principal managing officer. Plaintiff pleads his individual and derivative or representative capacities in the alternative, subject to establishing the proper holder of each claim.

3.- NAM is a Wyoming limited liability company and issuer of the units at issue. Corbin Blume signed the Subscription Agreement as NAM's manager and was identified as its CEO in the term sheet. San Gabriel Assets LLC was identified in the term sheet as Blume's private holding company through which he purportedly would purchase NAM units.

4.- Tyler Theobald participated in, knowingly acting with reckless disregard, with Mr. Corbin Blue, and solicited investments in NAM and other entities formed as part of a Ponzi scheme. Plaintiff alleges that Theobald worked with Blume and NAM over a period of time and personally participated in the alleged fraudulent course of conduct. Theobald's residence and precise formal position, if any, remain to be established.

5.- C & E Financial Group, Inc. is the company through which Plaintiff alleges, on information and belief, Theobald conducted activity in furtherance of the challenged solicitation and alleged concerted misconduct. Its state of incorporation, headquarters, ownership, and specific receipt of any investment funds remain to be established.

6.- Rhonda Aschim worked for NAM during the relevant period but also was individually aware and actively participated in the Ponzi scheme and other fraudulent activity in a manner that promulgated the Defendant's reliance on her representations and those of the other parties to invest in the company(s).

**Jurisdiction and venue**

7.- This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and the jurisdictional provisions of the Securities Act of 1933 and Securities Exchange Act of 1934, 15 U.S.C. §§ 77v(a), 78aa. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims arising from the same investment transaction.

8.- Plaintiff alleges that the investment was solicited through communications involving Oklahoma, Texas, and interstate commerce, and that investment-related communications were directed to Plaintiff in Oklahoma. Venue is alleged to be proper in this District under 28 U.S.C. § 1391 and applicable securities venue provisions. Each defendant had minimum contacts with the State of Oklahoma during their active involvement in the fraud perpetrated against the Plaintiff.

9.- Plaintiff alleges that the NAM units and associated investment rights were securities: he contributed money to an enterprise with an expectation of returns dependent principally on the efforts of NAM's management. He did not control NAM's operations, capitalization, issuance of units, financial reporting, or use of investor funds.

10.- The Subscription Agreement states that J.K. Lord, LLC would acquire 2,000 units at $10 per unit for a stated $20,000 purchase price, plus 8,000 bonus units at $0.01 per unit, represented to have value equivalent to other company units. It identifies an August 29, 2024 agreement date, while the signature block bears a January 28, 2025 date.

11.- A Limited Personal Guaranty associated with the transaction instead recites the purchase of 10,000 units for $100,000 and refers to an August 28, 2024 Subscription Agreement. The inconsistent amounts, unit counts, and dates were not adequately reconciled for Plaintiff.

12.- The guaranty states that Blume would guarantee the return of at least the purchased amount upon liquidation and, at the subscriber's option after 180 days, buy back the purchased units at the purchase price while the subscriber retained bonus units. Plaintiff alleges that the promised protection was not honored after performance was demanded or otherwise became due.

13.- A January 2025 term sheet represented that NAM had 1,319,320 common units outstanding; would issue 2,000,000 common units at $12.50 per unit; contemplated funding up to $50 million; and that Blume, through San Gabriel Assets LLC, would participate by purchasing up to $25 million in common units. Plaintiff alleges that the truth of the purported related-party funding, capitalization, issuance and value of units, and ability or intention to honor the buyback was not disclosed accurately.

14.- Plaintiff alleges that the defendants responsible for the offering concealed or misstated material facts concerning capitalization, valid issuance and economic

value of purchased and bonus units, NAM's finances and use of funds, insider funding, and the guaranty and buyback. These matters were material to the decision to invest and the value of the investment.

**Additional allegations concerning newly identified defendants**

15.- Plaintiff alleges that Theobald was involved in the solicitation of the NAM investment and in NAM's business operations. Plaintiff had multiple conversations with Theobald. In those conversations, Theobald stated that he knew everything about the operation, had been working with Blume and NAM for some time, and hoped everyone would get paid. Plaintiff further alleges that Theobald characterized the operation as basically a Ponzi scheme. The precise dates, locations, media, and wording of these conversations should be established and added before filing if available.

16.- Plaintiff alleges that Theobald's statements described his knowledge of, and participation in, the challenged operations. The characterization of the business as a Ponzi scheme is pleaded as Theobald's reported characterization, not as an independently established tracing of investor funds or proof that any particular payment came from later investors. Plaintiff alleges on information and belief that Theobald acted through C & E Financial Group, Inc. in carrying out the challenged activity.

17.- Plaintiff alleges Aschim was employed by NAM. Plaintiff presently has not identified an act by Aschim in the offer or sale of Plaintiff's units, a specific false statement she made or approved, an agreement to commit fraud, control over a

primary violator, or receipt of Plaintiff's money. Plaintiff names her as a defendant based on her reported involvement with NAM, subject to counsel's good-faith factual investigation; the existence and extent of a legally sufficient claim against her must be confirmed before filing.

18.- Plaintiff alleges that he relied on the material investment representations and omissions in deciding to invest and sustained losses including the invested funds and claimed loss of the promised units and protections. Plaintiff does not allege that any conversation occurring only after his purchase induced that purchase; any such later statement is alleged as evidence potentially bearing on knowledge and the course of conduct.

## Claims for relief

**Count I — Exchange Act § 10(b) and Rule 10b-5 (NAM, Blume, San Gabriel Assets LLC, Theobald, and C & E Financial Group, Inc., to the extent of each defendant's own actionable conduct)**

19.- Plaintiff incorporates paragraphs 1–18. Plaintiff alleges that, in connection with his acquisition of NAM securities through interstate instrumentalities, the identified defendants knowingly or recklessly engaged in materially misleading investment communications or a fraudulent scheme concerning units, capitalization, funding, insider participation, and promised protections. Plaintiff relied on material pre-purchase representations and omissions and alleges economic loss caused by the truth or concealed risks becoming known or materializing. As to Theobald and C & E.

**Count II — Exchange Act § 20(a) control-person liability (Blume and San Gabriel Assets LLC)**

20.- Plaintiff incorporates paragraphs 1–19. Plaintiff alleges an underlying Exchange Act violation by NAM or another primary violator and that Blume, as manager and CEO, and San Gabriel Assets LLC, to the extent it actually possessed power over the specific challenged conduct, controlled the primary violator. e.

**Count III — Securities Act § 12(a)(2) (defendants who qualify as statutory sellers)**

21.- Plaintiff incorporates paragraphs 1–20. Plaintiff alleges that defendants who passed title or successfully solicited Plaintiff's purchase for their own or the issuer's financial interests did so by means of materially false or misleading prospectuses or oral communications, without Plaintiff's knowledge of the untruth or omission. Theobald's alleged solicitation warrants investigation of his role and financial interest; a claim against C & E requires proof of its own qualifying conduct. This count is pleaded only to the extent the transaction is within § 12(a)(2)'s scope and not exempt as a private offering. No statutory-seller claim is asserted against Aschim absent additional facts.

**Count IV — Securities Act § 12(a)(1), alternatively (qualifying statutory sellers)**

22.- Plaintiff incorporates paragraphs 1–21. The Subscription Agreement recites that the units were unregistered. Plaintiff alleges on information and belief that the

securities were sold without an effective registration statement and without a valid exemption. This alternative claim applies only to those defendants who qualify as statutory sellers and only if the absence of an exemption can be established; unregistered status alone does not establish liability.

**Count V — Securities Act § 15 control-person liability (Blume and San Gabriel Assets LLC)**

23.- Plaintiff incorporates paragraphs 1–18. Subject to proving an underlying § 12 violation and actual control, Plaintiff alleges that Blume and San Gabriel Assets LLC controlled NAM or a statutory seller responsible for that violation. Plaintiff does not plead this theory against the newly identified defendants merely because they worked with or for NAM.

**Count VI — Common-law fraud and fraudulent inducement (participating defendants)**

24.- Plaintiff incorporates paragraphs 1–18. Plaintiff alleges material misrepresentations and concealment concerning the promised units, capitalization, insider funding and guaranty, made knowingly or recklessly and with intent to induce investment, on which he relied to his detriment. Plaintiff alleges Theobald knowingly participated in the challenged course of conduct and used C & E in doing so, but the particular pre-investment misrepresentation, speaker, date or approximate period, medium, recipient, and reliance attributable to either must be established to support this count. No independent fraud claim is asserted against Aschim based only on employment.

**Count VII — Negligent misrepresentation, alternatively (persons supplying information for investment)**

25.- Plaintiff incorporates paragraphs 1–24. Plaintiff alleges that defendants who actually supplied false investment information in the course of business for a pecuniary purpose failed to exercise reasonable care, and that Plaintiff justifiably relied and suffered damages.

**Count VIII — Breach of contract (NAM and Blume only)**

26.- Plaintiff incorporates paragraphs 1–18. Plaintiff alleges enforceable obligations under the Subscription Agreement and Limited Personal Guaranty; performance or excuse by the subscriber; NAM's failure to provide promised units and associated rights; and Blume's failure to honor the limited guaranty or optional buyback upon satisfaction of its conditions, resulting in damages.

**Count IX — Breach of fiduciary duty (only persons proved to owe the relevant duty)**

27.- Plaintiff incorporates paragraphs 1–26. Plaintiff alleges that managers or other persons owing legally cognizable fiduciary duties to the proper claimant breached those duties by concealing material matters, mishandling units or funds, or self-dealing, causing injury. Neither employment, solicitation, nor corporate affiliation alone establishes such a duty;

**Count X — Unjust enrichment and money had and received, alternatively (actual recipients or beneficiaries)**

28.- Plaintiff incorporates paragraphs 1–27. Plaintiff seeks restitution from defendants proved to have received or retained identifiable proceeds or benefits of his investment under circumstances making retention unjust.

**Count XI — Accounting and equitable relief (persons with relevant funds or records)**

29.- Plaintiff incorporates paragraphs 1–28. Plaintiff seeks an accounting of investment funds, capitalization and unit issuance, related-party transfers, and the use of proceeds from defendants shown to possess or control relevant funds or records, and an available constructive trust or other equitable relief upon the requisite proof.

**Count XII — Civil conspiracy or concerted action under applicable state law (NAM, Blume, San Gabriel Assets LLC, Theobald, and C & E Financial Group, Inc.)**

30.- Plaintiff incorporates paragraphs 1–29. Plaintiff alleges an agreement, express or tacit, to procure investment through actionable misrepresentations or other unlawful means; overt conduct including solicitation and use of investment materials; and resulting injury. Plaintiff alleges Theobald participated personally and used C & E in that activity.

**Count XIII — Substantial assistance with state-law wrongdoing, only if recognized and supported under applicable state law**

31.- Plaintiff incorporates paragraphs 1–31. Plaintiff preserves the original pleading's allegation that persons who knowingly and substantially assisted an independently actionable fraud or fiduciary breach may bear responsibility to the extent state law permits. This count does not assert a private federal aiding-and-abetting securities claim.

**Prayer and jury demand**

32.- Plaintiff requests judgment against each defendant only on claims proved against that defendant: rescission or appropriate rescissory relief where authorized; compensatory damages; restitution or other properly supported equitable relief; interest; taxable costs; fees only where authorized; and other lawful relief, avoiding double recovery. Plaintiff demands trial by jury on all triable issues.

Respectfully submitted,

/s/ Kevin V. Cox
**Kevin V. Cox, OBA #20970**
Kevin V Cox, PLLC
320 S Boston Ave, Suite 1020
Tulsa, OK 74103
(918) 984-2410
kvc@viwsionarylaw.org
Counsel for Plaintiff